```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16CR372-1 |
| | ) | |
| YASSEEN MOHAMED ELTAHIR | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

On April 14, 2017, this matter came before the court for trial on an Indictment charging Defendant Yasseen Mohamed Eltahir as follows: Count I - possession of a firearm (Smith & Wesson 9mm handgun) on May 20, 2016, by a person addicted to a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); Count II - possession of ammunition (multiple rounds of TulAmmo 7.62mm x 39mm ammunition; FC .45 caliber ammunition; and 9mm Winchester ammunition) on May 20, 2016, by a person addicted to a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); Count III - possession of a firearm (Smith & Wesson 9mm handgun) on May 20, 2016, by a person previously committed to a mental institution, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2); and Count IV - possession of ammunition (multiple rounds of TulAmmo 7.62mm x 39mm ammunition; FC .45 caliber ammunition; and 9mm Winchester ammunition) on May 20, 2016, by a person previously committed to a mental institution, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).

Defendant tendered a plea of not guilty to the Indictment and executed a Waiver of Jury Trial (Doc. 26). The court conducted a voir dire of Defendant and found that his waiver of the right to trial by jury was knowing and voluntary.

At trial, the Government presented evidence of Defendant's guilt beyond a reasonable doubt as to the four charges against him, and the Government did not oppose Defendant's argument that at the time of the alleged offenses he was unable to appreciate the nature and quality or wrongfulness of his acts, due to his suffering from bipolar disorder with mood-incongruent psychotic features, as well as post-traumatic stress disorder. See 18 U.S.C. § 17(a). This position is supported by an examination report filed on January 20, 2017, by Robin Watkins, Ph.D., ABPP (Doc. 12 at 23)[1], and her testimony at trial.

In addition, the court makes the following findings of fact:

1. Multiple members of law enforcement testified credibly as to the facts establishing Defendant's guilt. These included Greensboro Police Department Officers Robert Finch and Justin Payne, who testified that on April 11, 2016, they responded to

---

[1] The court finds Dr. Watkins qualified to give expert opinions as to Defendant's mental health conditions. In addition to her findings on Defendant's insanity, she also found that although Defendant still suffers from mental illnesses, he is currently able to understand court proceedings and assist in his own defense and therefore that he is competent to stand trial. (Id. at 18.) On March 2, 2017, the court adopted Dr. Watkins's opinion on this matter and found Defendant competent to stand trial. (Doc. 19.)

2

Defendant's apartment and spoke to Defendant's father, who reported that Defendant possessed an AR-15 rifle in a prayer rug and a .45 caliber pistol. Officers were told by Defendant's counselor, Matthew Trueblood, that Defendant had been adjudicated mentally ill. Subsequently, officers sought and obtained Defendant's mental health records.

2. The next day, April 12, 2016, Greensboro Police served involuntary commitment papers on Defendant, who was taken to the hospital and was involuntarily committed for mental health reasons. This was one of some seventeen commitments of Defendant for mental health reasons.

3. Greensboro Police Officer Jeremiah S. Ruggiero visited Defendant's house in about May 2016 to serve papers on Defendant for involuntary commitment and observed Defendant with a strong odor of marijuana. The odor was so strong that Officer Ruggiero had to go to the hospital to assist medical personnel, who refused to treat Defendant until he was strip searched to ensure he had no further marijuana on him.

4. On or about May 20, 2016, members of various law enforcement agencies, including Winston-Salem Police Officer George Jenkins and Federal Bureau of Investigation Special Agent Norm Kuylen, conducted a lawful search of Defendant's residence at 5522 West Market Street, Greensboro, North Carolina, Apartment F, pursuant to a search warrant. Officers seized a Smith & Wesson

9mm pistol from Defendant's waistband and a large quantity of various ammunition (including that charged in the Indictment) and a high capacity rifle and magazine from his bedroom. Officers also found a marijuana smoking pipe (Government ("Gov't") Exs. 30, 31) and photos of Defendant holding firearms and a marijuana blunt.

5. Willie Lee Jeffries, a friend of Defendant since about 2009, shared a common interest with Defendant in firearms and sold Defendant a .45 caliber handgun and a 9mm black and silver handgun approximately two months before May 2016. Jeffries also sold Defendant an AR-15 rifle for $700. At the time of these sales, Defendant was a regular marijuana smoker.

6. As the parties stipulated at trial (Gov't Ex. 59), the Smith & Wesson pistol found on Defendant's person is a firearm as that term is defined in 18 U.S.C. § 921(a)(3).

7. Based on the foregoing, the court finds beyond a reasonable doubt that Defendant knowingly possessed a firearm and multiple rounds of ammunition as those terms are used in 18 U.S.C. § 922(g).

8. The court finds beyond a reasonable doubt that, as the parties stipulate (Gov't Ex. 59), the relevant firearm and ammunition were manufactured outside North Carolina and moved in interstate commerce, and Defendant's possession of those items was therefore in or affecting commerce, as that phrase is used in 18 U.S.C. § 922(g).

9.   At the time of the offense conduct, Defendant was a daily user of marijuana, as Dr. Watkins testified at trial and as mental health records and the evidence reflect.  For example, Dr. Watkins testified, and the court finds, that Defendant tested positive for THC when he was admitted to hospitals (e.g., Gov't Ex. 3O (noting on April 13, 2016 admission that Defendant was a "substance abuser," "THC" positive, and was given an impression/diagnosis of "Cannabis use disorder"); Gov't Ex. 3N (noting on January 6, 2016 admission that Defendant "self medicates daily by smoking marijuana")) at times relevant to his possession of the firearm and ammunition charged in the Indictment.  As Dr. Watkins noted, Defendant admitted that just prior to his arrest he was smoking "about one-half gram [of marijuana] per day."  (Gov't Ex. 12 at 4.)

10.  Erica Scales, a counselor with Therapeutic Alternatives Mobile Crises Management, filed involuntary commitment papers against Defendant in August 2015 because, among other things, Defendant threatened to kill his sister and was a risk to himself and to others.   (Gov't Ex. 3M.) Overall, Defendant has been committed involuntarily seventeen times, the vast majority occurring before the May 20, 2016 possession of the firearm and ammunition alleged in the Indictment. (Gov't Exs. 3A through 3Q.) Pertinent here, as charged in the Indictment, Defendant was involuntarily committed on January 12, 2016. (Gov't Ex. 3N.)  As

5

noted, that petition contains an affidavit that states that Defendant "self medicates daily by smoking marijuana." (Gov't Ex. 3N.)

11. Based on the foregoing, the court finds beyond a reasonable doubt that at the time of the offense conduct, Defendant was an unlawful user of or addicted to marijuana, a controlled substance as defined in 21 U.S.C. § 802.

12. The court further finds beyond a reasonable doubt that, as the parties stipulate (see Gov't Exs. 2, 4), at the time of the offense conduct, Defendant had been committed to a mental institution as that phrase is used in 18 U.S.C. § 922(g)(4) and defined in 27 C.F.R. § 478.11. The Guilford County, North Carolina case in File Number 16SPC827 (Gov't Ex. 3N) alone resulted in a qualifying commitment.

13. Based on the foregoing, the court finds that the evidence establishes Defendant's guilt beyond a reasonable as to each of the four offenses charged in the Indictment (Doc. 9).

14. The sealed psychiatric evaluation in this matter, which was filed on January 20, 2017 (Doc. 12), is an accurate copy of the report made by Robin Watkins, Ph.D., ABPP, as to Defendant's psychological state. As the parties stipulated orally at trial, this evaluation is admissible under seal without further authentication or qualification. The court also heard Dr. Watkins's live testimony via video-link.

15. Without objection from either party, the court adopts Dr. Watkins's opinions and finds that Defendant has shown by clear and convincing evidence that as a result of severe mental disease or defect, he was unable to appreciate the nature and quality or the wrongfulness of his acts at the time of the possessions charged in the Indictment. See 18 U.S.C. § 17. This is based in part on the fact that Defendant was involuntarily committed for mental health hospitalizations over a dozen times and at the time of the possessions charged in the Indictment Defendant experienced both auditory (hearing voices every other day) and visual hallucinations (weekly) that commanded him to harm himself and others, harbored "paranoid beliefs that others were attempting to kill him and kidnap his family," could not sleep for days, and "felt like people were out to get [him]." (Doc. 12 at 5, 21-23.)

16. The court therefore finds by special verdict that Defendant is not guilty only by reason of insanity, pursuant to 18 U.S.C. § 4242(b)(3). See United States v. Allen, 449 F.3d 1121, 1125 (10th Cir. 2006) (finding insanity defense can be applied to prosecution for being felon in possession of firearm); cf. United States v. Lamb, 155 F.3d 562 (4th Cir. 1998) (unpublished) (finding no error in district court's refusal to give insanity instruction in case charging violation of 18 U.S.C. § 922(g)).

IT IS THEREFORE ORDERED that the Defendant is committed to the custody of the Bureau of Prisons until he is eligible for

release pursuant to 18 U.S.C. § 4243(e). The United States shall present the Defendant for a hearing to be conducted pursuant to 18 U.S.C. § 4247(d) no later than forty days following entry of this verdict. Prior to the date of that hearing, a psychological or psychiatric examination of Defendant shall be conducted and a report shall be prepared. The report shall include, among other things, the examiner's opinion as to whether Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The report shall be filed with the court and copies shall be provided to counsel for Defendant and the attorney for the Government. See 18 U.S.C. § 4243(b); id. §§ 4247(b), (c).

       /s/   Thomas D. Schroeder
    United States District Judge

April 28, 2017